NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NANCY RHEE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2026-1130

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01835-MBH, Senior Judge Marian Blank Horn.

---

Decided: July 22, 2026

---

NANCY RHEE, Hillsborough, CA, pro se.

KATHLEEN E. LYON, Tax Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by MICHAEL J. HAUNGS, BRETT SHUMATE, JOSHUA WU.

---

Before LOURIE, LINN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Appellant Nancy W. Rhee appeals the United States Court of Federal Claims' dismissal of her complaint for lack of subject matter jurisdiction and failure to state a claim. Because Ms. Rhee has not alleged any claim that falls within the limited jurisdiction of the trial court and fails to state a claim upon which relief can be granted, we affirm.

I

On November 8, 2024, Ms. Rhee, proceeding pro se, filed a complaint in the United States Court of Federal Claims. S.A. 21.[1] Ms. Rhee alleged a number of claims against the government for actions taken by the Internal Revenue Service in a criminal investigation of a third party for tax fraud. *See* S.A. 21–24.

In October 2023, the IRS investigated Stacey Printz, a professional dance choreographer, for fraudulently reporting earnings of a monetized YouTube channel. As a result of its investigation of Ms. Printz, the government confiscated approximately $4.8 million.

Ms. Rhee was a dancer who trained at the studio where Ms. Printz worked. She claims that Ms. Printz's videos used her image without her permission. Based on that, Ms. Rhee claims that she is the "sole primary owner of the seized currency" and that she had an immediate right to the confiscated funds. S.A. 22–24.

On January 3, 2025, the government moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the of the Rules of the United States Court of Federal Claims (RCFC), or alternatively for failure to state a claim pursuant to RCFC 12(b)(6). After Ms. Rhee's response, the trial court ordered the

---

[1]    S.A. refers to the Supplemental Appendix attached to the Respondent's Informal Response Brief. ECF No. 22.

government to address whether Ms. Rhee's complaint could be construed as a Fifth Amendment taking claim and, if so, whether the trial court would have jurisdiction. *See* S.A. 82–83. In its reply, the government argued that it would not and should be dismissed.

The trial court granted the government's motion, concluding that it lacked jurisdiction over Ms. Rhee's takings claim because she did not concede the validity of the government's seizure and failed to allege a plausible interest in the allegedly seized funds.[2] *Rhee v. United States*, No. 24-cv-01835, slip op. at 12–17 (Fed. Cl. Aug. 30, 2025) (*Decision*). Ms. Rhee then appealed the trial court's dismissal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

We review the trial court's dismissal for lack of subject matter jurisdiction or failure to state a claim de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012); *Lesko v. United States*, 161 F.4th 1352, 1358 (Fed. Cir. 2025) (en banc). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). The court "take[s] all factual allegations

---

[2] The trial court also dismissed all other claims Ms. Rhee alleged in her complaint, either for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) or for failure to state a claim pursuant to RCFC 12(b)(6). On appeal, Ms. Rhee acknowledges certain claims were properly dismissed based on errors in her complaint and does not otherwise further address them in her brief. *See* Appellant Br. 2–3. Accordingly, we consider any challenge to the trial court's judgment with respect to these claims waived. *See Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1305 (Fed. Cir. 2021).

in the complaint as true and construe[s] the facts in the light most favorable to the non-moving party." *Jones v. United States*, 846 F.3d 1343, 1351 (Fed. Cir. 2017). Pleadings filed by pro se litigants are held to a less stringent standard and we liberally construe such pleadings in their favor. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). However, they must still prove subject matter jurisdiction by a preponderance of the evidence. *See Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).

The United States Court of Federal Claims is a court of limited jurisdiction. The Tucker Act limits jurisdiction to claims for money damages against the United States. *See* 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). For the trial court to exercise Tucker Act jurisdiction, a plaintiff must "identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172 (quoting 28 U.S.C. § 1491(a)(1)). "[T]he Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). However, the Court of Federal Claims may only exercise jurisdiction over a Fifth Amendment takings claim when a claimant "concede[s] the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993).

## III

We see no error in the trial court's dismissal of Ms. Collier's alleged takings claim. As an initial matter, Ms. Rhee appears to argue that the trial court erroneously considered the plausibility of her claim under RCFC 12(b)(6) before determining whether it possessed subject matter jurisdiction pursuant to RCFC 12(b)(1). Though we

acknowledge that it addressed the sufficiency of her complaint before explaining that it lacked subject matter jurisdiction, any potential error was harmless. The trial court expressly found that Ms. Rhee did not meet the requirements for establishing a Fifth Amendment takings claim because she did not concede the validity of the government's action—a requisite inquiry for the trial court to exercise its jurisdiction. *Decision*, slip op. at 16.

Ms. Rhee appears to argue that she did concede the validity of the government's action in her complaint when she stated that the funds were seized under 26 U.S.C. § 7302. Appellant Br. 6 (citing S.A. 22). However, in her complaint, Ms. Rhee states that the government's seizure of the funds "denied [her] right to due process to recover digital streaming income of their defrauded image from Stacey Printz in a state court of California." S.A. 22. And in her response to the motion to dismiss, Ms. Rhee argued that the government "fail[ed] to release or return the seized gross income in a timely manner," and that the seizure was "in violation of the provisions of the Internal Revenue laws." S.A. 78–79. On appeal before us, she similarly contests the validity of the government action. *See* Appellant Br. 6 ("The dispositive jurisdictional question is whether the seized YouTube income was money legally paid over to the Government, giving rise to a Fifth Amendment taking, or whether it constituted an illegal exaction . . . ."). Thus, we agree with the trial court that Ms. Rhee did not concede the validity of the government's seizure of the funds, and we see no error in its dismissal of her Fifth Amendment takings claim for lack of subject matter jurisdiction.

Though we do not need to reach the trial court's 12(b)(6) conclusions, we agree that Ms. Rhee's complaint fails to allege facts to establish that she has a legally cognizable Fifth Amendment property interest in the funds seized. When determining whether a government action constitutes a taking, courts must (1) "determine[ ] whether the claimant has identified a cognizable Fifth Amendment

property interest that is asserted to be the subject of the taking," and (2) if a cognizable property interest exists, courts "determine[ ] whether that property interest was taken." *Fishermen's Finest, Inc. v. United States*, 59 F.4th 1269, 1275 (Fed. Cir. 2023) (internal quotations omitted). The complaint alleged that Ms. Rhee is the sole and rightful owner of the seized funds but provides no factual support to substantiate this claim. *See* S.A. 21–22. And as the trial court correctly notes, Ms. Rhee's allegations about her relationship with Ms. Printz, with no additional information, do not establish Ms. Rhee's ownership over the seized funds. *Decision*, slip op. at 16. Accordingly, we agree with the trial court that Ms. Rhee has failed to demonstrate that she has a legally cognizable property interest in the funds seized by the government.

## IV

We have considered Ms. Rhee's remaining arguments and find them unpersuasive. Because Ms. Rhee identifies no other basis for the trial court to exercise jurisdiction over her claim, the trial court's dismissal of her complaint is affirmed.

## AFFIRMED

### COSTS

No costs.